# Supreme Court of Texas

Misc. Docket No. 25-9013

### Order Granting Motion to Transfer
### Under Texas Rule of Appellate Procedure 27a

**ORDERED** that:

Pursuant to Texas Rule of Appellate Procedure 27a(d)(3), appellees' motion to transfer the following case from the Fifteenth Court of Appeals to the First or Fourteenth Court of Appeals is granted:

Case No. 15-24-00123-CV
*Patrick Kelley and PMK Group, LLC*
*v.*
*Richard Homminga and Chippewa Construction Co., LLC*

Dated: March 14, 2025.

James D. Blacklock, Chief Justice

Debra H. Lehrmann, Justice

Jeffrey S. Boyd, Justice

John P. Devine, Justice

J. Brett Busby, Justice

Jane N. Bland, Justice

Rebeca A. Huddle, Justice

Evan A. Young, Justice

James P. Sullivan, Justice

# Supreme Court of Texas

## Misc. Docket No. 25-9013

Patrick Kelley and PMK Group, LLC,

*Appellants*,

v.

Richard Homminga and Chippewa Construction Co., LLC,

*Appellees*

## On Motion to Transfer from the Fifteenth Court of Appeals

*~ and ~*

## Misc. Docket No. 25-9014

Devon Energy Production Company, L.P., et al.,

*Appellants*,

v.

Robert Leon Oliver, et al.,

*Appellees*

## On Motion to Transfer from the Fifteenth Court of Appeals

**PER CURIAM**

The Fifteenth Court of Appeals has forwarded to this Court two motions to transfer an appeal noticed to that court. Under Texas Rule of Appellate Procedure 27a(d), if the Fifteenth Court and the regional court of appeals that would ordinarily hear the appeal do not agree whether it belongs in the Fifteenth Court, this Court decides the issue. We hold that the relevant statutes authorize the Fifteenth Court to hear (1) appeals and writs within the court's exclusive intermediate appellate jurisdiction, and (2) appeals we transfer into the court to equalize the courts of appeals' dockets. *See* TEX. GOV'T CODE §§ 22.201(p), 22.220(a), (d), 22.221(c-1), 73.001. Because the appeals before us do not fall into either category, we grant both motions.

\* \* \*

*Kelley v. Homminga*[1] is an appeal from a Galveston County final judgment awarding over $1 million in damages on claims arising from a construction dispute. *Devon Energy v. Oliver*[2] is an appeal from a DeWitt County final judgment awarding over $1 million in damages on claims arising from a royalty dispute. In each case, the defendants noticed their appeal to the Fifteenth Court while conceding that the appeal is not within the Fifteenth Court's exclusive jurisdiction. Each set of defendants asserted that the Fifteenth Court can nonetheless hear their appeal because the Government Code gives that court statewide jurisdiction. *See id.* §§ 22.201(p), 22.220(a). Each set of plaintiffs moved

---

[1] 15-24-00123-CV.

[2] 15-24-00115-CV.

to transfer their case to the regional court of appeals that hears appeals from the relevant county.  *See* TEX. R. APP. P. 27a(c)(1).

The Fifteenth Court denied each transfer motion by a 2–1 vote. *See id.* R. 27a(c)(1)(B).  The majority agreed with the defendants that the Government Code grants the Fifteenth Court general appellate jurisdiction over civil cases statewide and that there is no express statutory bar to noticing an appeal there.

The dissenting justice concluded that neither case belongs in the Fifteenth Court.  He observed that if the majority's view prevails, the court would be hearing "hundreds" of additional appeals that "would inevitably shift time and attention away from [the court's] primary tasks."  He expressed his concern that the majority's ruling would lead to gamesmanship and his "doubt [that] the Legislature intended 'appellant's choice' on a large scale to be appropriate."

The potential transferee courts each filed letters explaining their agreement or disagreement with the Fifteenth Court's decision.  *See id.* R. 27a(c)(1)(C).  In *Kelley*, the First Court agreed with the Fifteenth Court's decision to retain the case, but the Fourteenth Court concluded that the motion to transfer should be granted.  In *Devon Energy*, the Thirteenth Court disagreed with the Fifteenth Court's decision to retain the case.  The Fifteenth Court forwarded the filings to us for a decision on the motions to transfer.  *See id.* R. 27a(d)(1).[3]

* * *

Under Article V, Section 6 of the Texas Constitution, the

---

[3] All documents forwarded to this Court are available on the Fifteenth Court's website.

3

jurisdiction of each court of appeals is "co-extensive with the limits of [its] . . . district[]" and "extend[s] to all cases" in the district over which the district and county courts have jurisdiction "under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6(a). Court of appeals justices "shall be elected by the qualified voters of their respective districts." *Id.* art. V, § 6(b).

In 2023, the Legislature passed Senate Bill 1045 "relating to the creation of the Fifteenth Court of Appeals with jurisdiction over certain civil cases." Act of May 21, 2023, 88th Leg., R.S., ch. 459, 2023 Tex. Gen. Laws ___.[4] The relevant provisions here are those amending Sections 22.201, 22.216, 22.220, 22.221, and 73.001 of the Government Code.

Section 22.201 identifies which counties are in each of the fifteen court of appeals districts. S.B. 1045 added new subsection (p), providing that "[t]he Fifteenth Court of Appeals District is composed of all counties in this state." TEX. GOV'T CODE § 22.201(p).

Section 22.216 sets the number of justices for each court of appeals. S.B. 1045 adds new subsections (n-1) and (n-2). Together, they provide that the Fifteenth Court consists of a chief justice and two justices until September 1, 2027, and a chief justice and four justices after that. *Id.* § 22.216(n-1), (n-2).

Section 22.220 dovetails with the jurisdictional rules in Article V, Section 6. Subsection (a) previously reiterated that "[e]ach court of appeals has appellate jurisdiction of all civil cases within its district." S.B. 1045 added a limiting preface to (a): "Except as provided by

---

[4] In *In re Dallas County*, 697 S.W.3d 142, 165 (Tex. 2024), we held that the Fifteenth Court is constitutional.

4

Subsection (d) . . . ." *Id.* § 22.220(a). New subsection (d) grants the Fifteenth Court "exclusive intermediate appellate jurisdiction" over three categories of matters arising in a civil case: (1) those brought by or against the State, with enumerated exceptions; (2) those involving a challenge to the constitutionality or validity of a state statute or rule and in which the attorney general is a party; and (3) "any other matter as provided by law." *Id.* § 22.220(d).

Section 22.221 outlines the courts of appeals' writ power. The civil writ power for each of the fourteen regional courts extends district-wide. *See id.* § 22.221(b) (authorizing each regional court of appeals to "issue all writs of mandamus . . . against a [trial court] judge . . . in the court of appeals district"). S.B. 1045 made the writ jurisdiction of the new Fifteenth Court much more limited. Under new subsection (c-1), the Fifteenth Court's "original jurisdiction . . . to issue writs is limited to writs arising out of matters over which the court has exclusive intermediate appellate jurisdiction under Section 22.220(d)." *Id.* § 22.221(c-1).

Section 73.001 authorizes this Court to transfer cases from one court of appeals to another. Prior to S.B. 1045, the section was a single sentence empowering the Court to make a transfer whenever we conclude "there is good cause"—a power we have historically exercised to help equalize the courts of appeals' dockets. S.B. 1045 makes this sentence new subsection (a) and adds a limiting preface: "Except as provided by Subsection (b) . . . ." *Id.* § 73.001(a). New subsection (b) prohibits the Court from "transfer[ring] any case or proceeding properly filed in the . . . Fifteenth Court . . . to another court of appeals for the

purpose of equalizing the dockets of the courts of appeals." *Id.*
§ 73.001(b). New subsection (c) directs the Court to make rules for
(1) transferring "an appeal inappropriately filed in the Fifteenth Court"
to a regional court of appeals; and (2) transferring to the Fifteenth Court
an appeal over which it "has exclusive intermediate appellate
jurisdiction under Section 22.220(d)." *Id.* § 73.001(c). In response, we
issued Rule 27a.

\* \* \*

"We discern a statute's objectives from its plain text." *Pub. Util.
Comm'n of Tex. v. Luminant Energy Co.*, 691 S.W.3d 448, 460 (Tex.
2024). But statutory "text must always be read 'in context—not
isolation.'" *Id.* (quoting *State v. Hollins*, 620 S.W.3d 400, 407 (Tex.
2020)). Contextual reading yields the text's "fair meaning," our
interpretive North Star. *See In re Dallas County*, 697 S.W.3d 142, 158
(Tex. 2024) ("[W]e must tether ourselves 'to the *fair meaning* of the text,'
not 'the hyperliteral meaning of each word in the text.'" (quoting
ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE
INTERPRETATION OF LEGAL TEXTS 356 (2012))).

The Fifteenth Court majority reasoned that it is authorized to
hear these appeals because Sections 22.201(p) and 22.220(a) give the
court statewide jurisdiction. We agree the Fifteenth Court has
jurisdiction over civil cases appealed from every county. This expansive
jurisdiction ensures that all Texas voters have a say in electing the
justices who decide cases affecting the State's interests and that cases
can be transferred into the Fifteenth Court to equalize its docket. *See*
TEX. CONST. art. V, § 6(b) (providing that the court of appeals justices

6

"shall be elected by the qualified voters of their respective districts"); TEX. GOV'T CODE § 73.001(a)-(b) (authorizing the Supreme Court to transfer cases between courts of appeals but prohibiting the Court from transferring out of the Fifteenth Court cases "properly filed" there); *Dallas County*, 697 S.W.3d at 146 (explaining that in S.B. 1045 "the legislature reaffirmed the propriety of statewide jurisdiction for a range of cases that implicate the State's interests" but "also concluded . . . that such statewide jurisdiction should not be vested in an appellate court elected by only a portion of the State's population").

But this jurisdictional premise alone does not establish that the Legislature intended to grant every civil appellant the option of litigating in the Fifteenth Court. To the contrary, several textual clues indicate that this is not what the Legislature intended at all.

To start, the title of S.B. 1045 reflects that the Fifteenth Court was created to hear "certain civil cases." In addition, the Legislature expressly recognized that some appeals will be "inappropriately filed" in the Fifteenth Court. Section 73.001(c)(1) directs this Court to make rules for "transferring an appeal inappropriately filed in the Fifteenth Court" to another court of appeals. TEX. GOV'T CODE § 73.001(c)(1).

The Fifteenth Court majority concluded that "inappropriately filed" appeals are the two types of proceedings over which the court lacks appellate jurisdiction entirely: criminal appeals and original proceedings in matters that are not within the court's exclusive jurisdiction.[5] That cannot be right because Section 73.001(c) directs that

---

[5] *See* TEX. CODE CRIM. PROC. art. 4.01(2) (providing that the "[c]ourts of appeals, other than the . . . Fifteenth Court," have jurisdiction in criminal actions); TEX. GOV'T CODE § 22.221(c-1) (restricting the Fifteenth Court's

7

an inappropriately filed appeal be *transferred* to another court of appeals.  When a court lacks jurisdiction over a case, the only correct disposition is *dismissal* because the court lacks power to do anything else.  *See, e.g.*, *Heckman v. Williamson County*, 369 S.W.3d 137, 153 (Tex. 2012) (a trial court must dismiss a claim over which it lacks jurisdiction); *Dickson v. Am. Gen. Life Ins. Co.*, 698 S.W.3d 234, 239 (Tex. 2024) (Young, J., concurring in denial of petition for review) ("[I]f subject-matter jurisdiction is lacking for any reason . . . the appellate court must dismiss the appeal.").  By contrast, where an appellate court has jurisdiction over a case but should not exercise it in deference to another court with concurrent jurisdiction, the case is transferred from one court to another.  *Cf.* TEX. R. JUD. ADMIN. 15.3(d) (where more than one appellate district has jurisdiction over an appeal, and the parties agree where the case should be heard, transfer is the procedural mechanism to consolidate all appeals from a judgment in one of the courts).[6]

Section 73.001(b) also sheds light on the meaning of "inappropriately filed" in (c).  In (b), the Legislature prohibited this

---

original jurisdiction).

[6] The Fifteenth Court majority reasoned that "when multiple appellate courts have overlapping jurisdiction, the appellant can file in the court of its choosing," citing our decision in *In re A.B.*, 676 S.W.3d 112 (Tex. 2023).  In *A.B.*, we pointed out the statutory oddity that "[t]wo court of appeals districts—the Sixth and the Twelfth—have jurisdiction over appeals from Gregg County." *Id.* at 114 (citing TEX. GOV'T CODE § 22.201(g), (m)).  We then commented that "a party may notice an appeal from a trial court's ruling to either court of appeals." *Id.*  We were addressing appeals from Gregg County specifically. *A.B.* does not support construing S.B. 1045 to create an appellant's-choice scheme.

8

Court from transferring out of the Fifteenth Court "any case or proceeding properly filed" there.  TEX. GOV'T CODE § 73.001(b).

Read together, subsections (b) and (c)(1) demonstrate that an appeal "properly filed" in the Fifteenth Court is the converse of an appeal "inappropriately filed" there.[7]  The "properly filed" cases cannot be transferred out, while the "inappropriately filed" cases must be.  If the Fifteenth Court could hear any and all civil appeals, then these provisions would have no application.  Thus, "properly filed" appeals must have a narrower meaning than all civil appeals.  Considering the legislation as a whole, we conclude that the most natural meaning of "properly filed" cases that may not be transferred is supplied by Section 22.220(d), which defines the matters over which the Fifteenth Court has "exclusive intermediate appellate jurisdiction."  When appeals regarding matters falling outside this jurisdiction are noticed to the Fifteenth Court, they are "inappropriately filed" and must be transferred.

The majority did not grapple with the meaning of Section 73.001(b).  But as the dissent suggested, if the majority's interpretation of S.B. 1045 were to prevail, the Legislature's design for all fifteen courts of appeals would collapse.  Almost 5,000 civil appeals are filed in the courts of appeals each year.[8]  Under the majority's approach, each one

---

[7] Some of the writings below discuss whether appeals "improperly taken" in Rule 27a(b)(1)(A) means the same thing as appeals "inappropriately filed" in Section 73.001(c)(1).  It does.  The phrasing change is merely stylistic.

[8] The Fiscal Year 2023 Annual Statistical Report compiled by the Office of Court Administration shows (at page 102) that the ten-year average of new civil case filings in the courts of appeals between 2014 and 2023 was 4,888 cases.  *See* https://www.txcourts.gov/media/1459429/ar-statistical-fy23.pdf.  In

of these appeals could be taken to the Fifteenth Court—designed to have only three or five justices[9]—and this Court would be powerless to transfer a single one of these cases to another court of appeals. Burdened with thousands of civil cases of every stripe, the Fifteenth Court justices would be unable to give special attention to those cases the Legislature has defined as critical to the State's interests.

We recently said that if constitutional or statutory "language is susceptible of two constructions, one of which will carry out and the other defeat its manifest object, courts should apply the former construction." *Dallas County*, 697 S.W.3d at 159 (cleaned up) (quoting SCALIA & GARNER, *supra*, at 63). We conclude S.B. 1045 is susceptible of only one reasonable construction: the Legislature did not intend the Fifteenth Court to hear every civil appeal within its statewide jurisdiction. Rather, the fair meaning of the act, discerned through a contextual reading of all its provisions, is that the Legislature intended that court to hear (1) appeals and writs within its exclusive intermediate appellate jurisdiction, and (2) appeals we transfer into the court for docket-equalization purposes. This is the only interpretation of the statutory scheme that harmonizes all its provisions into a cohesive whole. *See id.* at 158; *Luminant Energy Co.*, 691 S.W.3d at 460-62.

---

each fiscal year from 2017 through 2019, more than 5,000 civil appeals were filed.

[9] TEX. GOV'T CODE § 22.216(n-1), (n-2).

10

\* \* \*

Because the appeals here do not fall into either category, the motions to transfer are granted.  TEX. R. APP. P. 27a(d)(3).

**OPINION DELIVERED:** March 14, 2025